JUAN B. HUYKE, Petitioner and Appellant, *v.* PENSION BOARD, ETC., Respondent and Appellee.

No. 6061. Argued June 20, 1933.—Decided February 16, 1934. Rehearing denied March 29, 1934.

*Luis Tirado* for appellant. *Benjamin J. Horton, Attorney General, (Charles E. Winter* on the brief), and *Felipe Janer, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a case of mandamus. The action was brought by Juan B. Huyke against the Pension Board. In his petition he alleged that on November 28, 1929, he was the Commissioner of Education of Puerto Rico; that he had been a graded teacher and principal of the schools of the Island from May 1, 1900, to July 1, 1908; General Superintendent of said schools from May 11, 1910, to July 31, 1911; Trustee of the University of Puerto Rico from April 6, 1914, to January

1, 1921, and Commissioner of Education from October 3, 1921, to the beginning of 1930.

On November 26, 1929, while still in active service, he requested of the defendant board his retirement, on a pension, which was refused on January 26, 1931, on the following grounds: 1st, that his separation was due to the expiration of his term of office rather than to his resignation; 2d, that although it appears that his service covers a period of 26 years, 1 month, and 21 days, he served 6 years, 8 months, and 25 days of said period as trustee of the University of Puerto Rico, which time cannot be computed according to the statute, thus reducing the period of service to 19 years, 6 months, and 13 days; and 3rd, that he lost his right to a pension by not contributing to the pension fund from January 1, 1924, to May 1928, notwithstanding the fact that contributions have been compulsory since December 1, 1925, in accordance with the law.

Claiming that in view of the facts alleged and the provisions of Act No. 104 of 1925 (Session Laws, p. 948), the board was not justified in denying the pension, the petitioner prayed for an order of the court commanding the board to grant him said pension, and for such other relief as might be proper.

The board in its answer admitted the facts alleged, but denied that in accordance with the same and with the law, it was obliged to decree the retirement with pension.

The case was thus submitted to the district court and decided against the petitioner, who thereupon took the present appeal.

The district court in its opinion states the problem to be solved as follows:

" (a) Can the time during which the petitioner served The People of Puerto Rico as a member of the Board of Trustees of the University of Puerto Rico, without remuneration, be computed for the purpose of section 8 of the Pension Law? If this time cannot be computed the petitioner is not entitled to the retirement sought by

him, because he has not served at least 20 years, as is required in cases of voluntary retirement by section 8 above transcribed. If it can be computed, it is necessary to decide the second question raised by counsel for the respondent board, to wit:

"(b) Does an officer who has served The People of Puerto Rico for 20 years, but who has failed to pay the assessments required by section 13 of the Act during several years after said act became effective, have the right to a voluntary pension?"

The court went on to examine Act No. 104 of 1925 in its entirety and answered the first question in the negative; and accordingly it denied the petition without considering the second question.

The appellant in his brief maintains that the trial court erred:

"(1) In dismissing the petition for a writ of mandamus on the ground that, for the purposes of Section 8 of Act No. 104 of 1925, and of the provisions of Section 2 of the same act, the services rendered by the plaintiff as an officer of the Insular Government in the exercise of an honorary office, such as that of trustee of the University of Puerto Rico, cannot be computed;

"(2) In holding that the Pension Law only covers officers or employees who have been legally remunerated for their services; and

"(3) In basing its decision on theoretical considerations of the application of the Act, and judging prematurely a state of facts entirely different from that offered by the case actually before it."

The errors assigned are then excellently argued. Nevertheless, although we admit the force of appellant's reasoning, we are obliged to decide the appeal against him.

It is true that Act No. 104 of 1925, which is the applicable law in this case, in granting by its section 8 the right to voluntary retirement to any officer or employee who has served at least 20 years, expresses definitely that the computation of services shall be made in accordance with section 2 of the same; and that section 2 provides that—

"the total period of service which shall serve as a basis in computing the amount of any pension provided herein, shall be computed from the date of the original appointment of said officer or employee,

whether he belongs to the classified or unclassified service, including periods of service at different times and in one or more departments or offices of the Insular Government.''

It is also true that section 1 of the same act provides that—

''This Act shall cover all officials and employees of the classified and unclassified civil service of the Insular Civil Service of Puerto Rico, with the exception of the Judges of the Supreme Court, professors of the University of Puerto Rico, public school teachers, members of the Insular Police and municipal employees.''

. And turning to the Civil Service Act we find that the office of member of the Board of Trustees of the University of Puerto Rico appears expressly as one of several included in the unclassified civil service, thus:

''The Civil Service of the Government of Puerto Rico and of every governmental sub-division thereof, shall be divided into the Unclassified Service and the Classified Service. The Unclassified Service shall comprise:

''* * * * * * * *

''The members of the Board of Trustees of the University of Puerto Rico.

''* * * * * * * *''

(Section 4, Civil Service Act, Laws of 1907, p. 172.)

Lastly, it is true that nowhere in the Pension Act are the officers who serve without remuneration expressly excluded from its benefits. Nevertheless, taking the law in question as a whole and studying each and every one of its provisions, taking into consideration not only the spirit of the institution thereby created but also the means given to it to put this spirit into practice, one reaches the inevitable conclusion that remunerated services were the only kind in the mind of the Legislature and are therefore the only kind that may be considered to be within the purview of the act.

The element of remuneration in dollars and cents does not form a part of the contract in those services which citizens render *ad honorem,* and if this is so how can that element be

invoked later as the basis of a right to receive remuneration of that character in the form of a pension?

The funds on which the Pension Board, created by section 16 of Act No. 104 of 1925, depends to fulfill the provisions of the statute are derived from the salaries of the officers themselves. See sections 13, 14, 15, 18 and 19 of the act. And a careful examination of the fund in relation to the provisions of the act relative to cases in which the retirement may be and should be granted, and to the amount of the pension, raises a strong doubt as to the sufficiency of said fund, even where the act is strictly applied to the body of employees who have been remunerated and who have contributed to it. If this conclusion is reached by taking into consideration only the services that are remunerated, it is not possible to interpret the act in such a way as to include services which have not been remunerated and from which no deduction could be made to provide for the eventual payment of the pension.

This fundamental conclusion having been reached, it becomes unnecessary to consider the other circumstances surrounding the petitioner's case and which were taken into account by the defendant board in acting as it did.

The judgment appealed from must be affirmed.

### ON MOTION FOR REHEARING

#### March 29, 1934

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

A carefully prepared motion for reconsideration has been presented in this case.

In our former opinion we said:

"The funds on which the Pension Board, created by section 16 of Act No. 104 of 1925, depends to fulfill the provisions of the statute are derived from the salaries of the officers themselves. See sections 13, 14, 15, 18, and 19 of the act."

The truth is that although we referred to sections 15 and 19 of Act No. 104 of 1925 (Session Laws, p. 948) to complete the text, our opinion might be interpreted as saying that the only funds available to the board are derived from deductions made from the salaries of the employees themselves.

In the motion it is correctly maintained that this is not so. Section 19 of the same Act No. 104 of 1925 accordingly provides:

"The Auditor of Porto Rico is hereby authorized and directed to transfer, at the end of the fiscal year 1924–25, and of every successive fiscal year, to the 'Retirement Fund of the Employees of the Civil Service of Porto Rico' thirty (30) per cent of all surpluses in each fiscal year from appropriations for salaries for offices comprised in this Act; *Provided,* that surplus salaries remaining by reason of positions abolished because they are unnecessary, shall not be computed in the percentage referred to in this section."

Said section, as amended in 1928 and 1933, now reads as follows:

"Section 19.—Beginning in the fiscal year 1933–34 and continuing in successive years, the Treasurer of Puerto Rico is hereby authorized and directed to set aside and to cover into the 'Retirement Fund of the Employees of the Civil Service of Puerto Rico, Trust Fund', as the same are collected, the interest on the funds of the Insular Government on deposit in depositary banks, up to the sum of fifty thousand dollars; *Provided,* That the Treasurer of Puerto Rico is hereby authorized and directed to cover the amount hereby appropriated into said Retirement Fund at the beginning of each fiscal year, without need of new authorization from the Legislature of Puerto Rico; *Provided, further,* That the Pension Board shall render annually, prior to the commencement of the legislative session, a complete report on all pensions granted or which may be granted hereafter in accordance with this Act, for the knowledge and action of the Legislature of Puerto Rico."

This clarification does not destroy, but on the contrary strengthens, the conclusion at which we arrived in the passage quoted from our original opinion, to wit: that a careful examination of the funds on which the board depends in

relation to the obligations that it must fulfill, raises a strong doubt as to the sufficiency of said fund even though the body of remunerated employees only be considered. Experience is showing that this is not a doubt but a reality.

The appellant apparently recognizes the force of the basic reasoning of our opinion, but he insists that although it could be applied to unremunerated services beginning with the time said act went into effect, it becomes manifestly unjust when applied to previous services, because the remuneration of said previous services had nothing to do with the creation of the fund out of which the board would have to satisfy the pensions of the employees to be retired.

It may be asserted that a failure to take that element into account has been largely responsible for the bankruptcy of the pension fund, and the courts should not aggravate a situation in itself serious by a liberal interpretation. Moreover, that question is not now before us. What we decided was that services rendered *ad honorem* are a thing apart which, if excluded from all relation to dollars and cents in the beginning, should continue so to the end. In our judgment, to engraft that class of services into the law would be to pervert it. As to that aspect of the question, which is fundamental, the motion for rehearing has not convinced us that we are mistaken.

That being so, the motion must be dismissed.